1
2
3
4
5
6
7 UNITED STATES DISTRICT COURT
8 NORTHERN DISTRICT OF CALIFORNIA
9
10 **VLADIMIR GOLOSIY,**  CASE NO. 17-cv-05876-YGR
11 Plaintiff**,**
12 vs. **ORDER REMANDING CASE TO STATE COURT**
13 **TINTRI, INC., ET AL.,**
14 Defendants**.**
15

On October 13, 2017, defendants Tintri, Inc., *et al*. removed the above-captioned securities class action alleging violations of 15 U.S.C. § 77 (the "Securities Act"). (Dkt. No. 1.) On October 18, 2017, this Court related the case *sua sponte* to *Clayton v. Tintri, Inc*., 17-cv-05683-YGR ("*Clayton*") and *Nurlybayev v. Tintri, Inc., et al*, 4:17-cv-05684-YGR ("*Nurlybayev*"). (Dkt. No. 16.) *Clayton* and *Nurlybayev* were remanded to the Superior Court of the State of California, County of San Mateo (the "State Court") on October 27, 2017, pursuant to 15 U.S.C. § 77(v)(a) which states that "[e]xcept as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Plaintiff filed a timely motion to remand the above-captioned case to the State Court on November 13, 2017. (Dkt. No. 23.) Defendants opposed plaintiff's motion on November 16, 2017. (Dkt. No. 25.)

Having carefully considered the briefings and the arguments of the parties, the Court **REMANDS** the above-captioned case to the State Court.

## I. LEGAL FRAMEWORK

### A. Removal Jurisdiction

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. *See* 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are generally construed restrictively, so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Typically a "strong presumption" exists against finding removal jurisdiction. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). Doubts as to removability are generally resolved in favor of remanding the case to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### B. The Securities Act of 1933

"The Securities Act of 1933, which imposes liability for omissions and misstatements in various securities-related communications, provides concurrent jurisdiction in state and federal courts over alleged violations of the Act. " *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033 (9th Cir. 2008). However, Section 77v(a) of the Securities Act "strictly forbids the removal of cases brought in state court and asserting claims under the Act." *Id*. (highlighting "the *specific* bar against removal of cases under the '33 Act" (emphasis in original)).

Pursuant to Section 77v(a), "[e]xcept as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." A litany of courts in this district have characterized Section 77v(a) as an "anti-removal provision." *Seafarers Officers & Emps. Pension Plan v. Apigee Corp.*, No. 17-cv-04106-JD, 2017 U.S. Dist. LEXIS 142292, at *4 (N.D. Cal. Sept. 1, 2017); *Elec. Workers Local #357 Pension & Health & Trs. v. Clovis Oncology, Inc.*, 185 F. Supp. 3d 1172, 1178 (N.D. Cal. 2016); *Buelow v. Alibaba Grp. Holding Ltd.*, No. 15-cv-05179-BLF, 2016 U.S.

Dist. LEXIS 7444 (N.D. Cal. Jan. 20, 2016); *City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, 125 F. Supp. 3d 917 (N.D. Cal. 2015); *Plymouth Cty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-04516-WHO, 2015 U.S. Dist. LEXIS 1104 (N.D. Cal. Jan. 5, 2015); *Liu v. Xoom Corp.*, No. 15-cv-00602-LHK, 2015 U.S. Dist. LEXIS 82830 (N.D. Cal. June 25, 2015); *Toth v. Envivo, Inc.*, No. C 12-5636 CW, 2013 U.S. Dist. LEXIS 147569, at *3 (N.D. Cal. Oct. 11, 2013); *Cervantes v. Dickerson*, No. 15-cv-3825-PJH, 2015 U.S. Dist. LEXIS 143390 (N.D. Cal. Oct. 21, 2015); *Desmarais v. Johnson*, No. C 13-03666 WHA, 2013 U.S. Dist. LEXIS 153165, at *8-*9 (N.D. Cal. Oct. 22, 2013); *Harper v. Smart Techs Inc.*, No. C 11-5232 SBA, 2012 U.S. Dist. LEXIS 191130, at *13 (N.D. Cal. Sept. 28, 2012).

"The exception in Section 77p(c) states that '[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection [77p](b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).'" *Apigee*, 2017 U.S. Dist. LEXIS 142292, at *1-2 (quoting 15 U.S.C. § 77p(c)). In turn, section 77p(b) "defines a set of cases that Congress determined cannot be brought in any court," namely "covered class action[s] based upon the statutory or common law of any State or subdivision thereof ." *Id.* (quoting 15 U.S.C. § 77p(b)). The Supreme Court has indicated that removal under section 77p(c) is "limited to those [cases] precluded by the terms of subsection (b)." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643 (2006). Put differently, removal is only proper where necessary to "avoid an end-run around the federal securities laws by cases asserting state-law claims." *Apigee*, 2017 U.S. Dist. LEXIS 142292, at *3 (citing *Kircher*, 547 U.S. at 643-44).

## II. DISCUSSION

In light of the Ninth Circuit's holding in *Luther* and copious case law in this district, the Court finds that removal is barred under Section 77v(a). "More than twenty district courts in the Ninth Circuit have addressed this issue and remanded to state court every time." *Apigee*, 2017 U.S. Dist. LEXIS 142292, at *3 (collecting cases). "The Court sees no good reason to reconsider the question or depart from these consistent and considered decisions." *Id.*

Defendants argue that this Court should decline to remand the above-captioned case based

3

on an argument which this Court previously rejected in *Clayton* and *Nurlybayev*, namely that this Court should defer consideration until the Supreme Court's decision in *Cyan*. (Dkt. No. 25 at 1; *Clayton* Dkt. No. 23 at 4:1-20; *Nurlybayev* Dkt. No. 16 at 4:1-20.) Here, defendant offers no new arguments, facts or developments that compel a different result in this action. Accordingly, the Court **REMANDS** the above-captioned case to State Court.

**III. CONCLUSION**

For the reasons discussed above, plaintiffs' motions to **REMAND** the above captioned cases to state court are **GRANTED**.

The Clerk of the Court shall remand and close the file.

**IT IS SO ORDERED**

Dated: November 20, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**